UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALBERTO TORRES DIAZ,<br>Petitioner,<br>v.<br>WARDEN-FACILITY ADMINISTRATOR ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. 5:26-cv-03378-KES<br><br>ORDER DENYING PETITION AS MOOT |

## I. INTRODUCTION

Petitioner Jose Alberto Torres Diaz ("Petitioner") filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). ("Petition" at Dkt. 1.) During the pendency of this litigation, Petitioner was removed to El Salvador. (Dkt. 24.) Thus, the Petition is denied as moot.

## II. PROCEDURAL HISTORY

The Petition, filed on June 17, 2026, sought immediate release from ICE detention or a bond hearing in the alternative, as well as an order preventing third country removal without due process of law. (Dkt. 1) An ex parte application for

a temporary restraining order ("TRO") was included in the Petition. (Id. at 8-13).

On June 26, 2026, Respondents filed an Answer to the Petition and an Opposition to Petitioner's application for a TRO. (Dkt. 8.) The Answer argued, inter alia, that Petitioner had already received a bond hearing and was found to be a danger to the community: "In particular, Petitioner has a record of extremely serious offenses in both El Salvador and the United States, foremost being known association with Cabanas Locos Salvatruchos Clique, a clique of MS-13." (Id. at 3.) "Respondents also oppose the Petitioner [sic] and the TRO because Petitioner is lawfully detained following issuance of a removal order against Petitioner on September 5, 2024, which currently has a Petition for Review pending with the [Ninth] Circuit Court of Appeals." (Id. at 2 (footnote omitted).)

On July 10, 2026, Respondents filed a Notice of Intended Removal, which reported that the Ninth Circuit Court of Appeals denied Petitioner's motion to stay removal. (Dkt. 11.) Subsequently, ICE served a Notice of Removal on Petitioner that identified him as scheduled for removal on July 16, 2026. (Id. at 2.) That notice stated: "This letter is to inform you that you are scheduled for removal on July 16, 2026, in accordance with Removal Order issued on September 05, 2024, by the Immigration Judge." (Dkt. 11-3.) On July 17, 2026, Petitioner filed a second ex parte application for a TRO. (Dkt. 12.)

On July 21, 2026, the Court denied Petitioner's TRO applications because there was no basis for the relief requested due to the procedural posture of the case, with his removal imminent. (Dkt. 14 at 2-3.) The Court noted that, even if it had jurisdiction, it would deny the applications since Petitioner had not "established a likelihood of success on the merits or the irreparable harm sufficient to justify the injunctive relief he seeks." (Id. at 3.)

On or around August 3, 2026, the Court received two pieces of returned mail with the box checked indicating that Petitioner no longer resided at the mailing address (Adelanto Detention Facility). (Dkt 19, 20.) The Court ordered

Respondents to file a status report by August 17, 2026, clarifying whether Petitioner had been removed from the United States. (Dkt. 21.) The government did not respond. Further returned mail addressed to Petitioner was received on August 18, 2026. (Dkt. 23.) On August 20, 2026, the Court ordered Respondents to file a status report and, if warranted, a suggestion of mootness by August 27, 2026. (Dkt. 22.)

On August 27, 2026, Respondents filed a status report, which stated that Petitioner had been deported to El Salvador on July 20, 2026, and requested that the Court deny the Petition and dismiss this case as moot. (Dkt. 24.)

## III. DISCUSSION

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). "The Constitution's case-or-controversy limitation on federal judicial authority, Art. III, § 2, underpins … [the Supreme Court's] mootness jurisprudence.…" Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 180 (2000). Courts "assess mootness by whether there is 'a present controversy' for which [the court] can grant relief." Garding v. Montana Dep't of Corr., 105 F.4th 1247, 1254 (9th Cir. 2024).

Removal from the United States after a federal habeas petition is filed "does not render the habeas petition moot where there are collateral consequences arising from the [removal] that create concrete legal disadvantages." Zegarra-Gomez v. I.N.S., 314 F.3d 1124, 1125 (9th Cir. 2003); see also Handa v. Clark, 401 F.3d 1129, 1132 (9th Cir. 2005) (finding petition was not moot after removal where petitioner would be ineligible to apply for reentry for ten years). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (citing, inter alia, Sayyah v. Farquharson, 382 F.3d 20, 22 n.1 (1st Cir. 2004) for

the proposition that a "claim [of] indefinite detention … was mooted by [a petitioner's] subsequent release"); see also Mejia v. Semaia, No. 5:25-cv-01987-SPG-AGR, 2025 WL 2633165, at *2 (C.D. Cal. Aug. 21, 2025) (citation modified) ("Claims that challenge only the petitioner's continued, indefinite detention beyond the period the removal statute authorizes are likely moot once the petitioner is removed."). When a petitioner "is no longer detained" and contends only "that his detention was unauthorized and unconstitutional," his claims for relief are moot, Yenktesh v. Holder, No. 1:10-cv-01391-MJS-HC, 2010 WL 4623883, at *1 (E.D. Cal. Nov. 4, 2010) (first citing Kaur v. Holder, 561 F.3d 957, 959 (9th Cir. 2009); then citing Abdala, 488 F.3d at 1064-65), absent some showing that he "continues to suffer actual collateral consequences of his removal," Zegarra-Gomez, 314 F.3d at 1127.

The Petition sought immediate release or a bond hearing. Both types of relief are generally mooted by the removal of Petitioner to his native country. The Petition fails to state any collateral consequence that would justify the Court's continued jurisdiction over this matter, and it appears that any live controversy was resolved upon Petitioner's removal.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition as moot.

DATED: September 1, 2026

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE